## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:21-cv-60289-RKA

**BLAKE TURIZO**,
individually and on behalf of all
others similarly situated,                                              **CLASS ACTION**

       Plaintiff,                                              **JURY TRIAL DEMANDED**

v.

**HEALTHFUND SOLUTIONS, LLC,**

     Defendant.

_____/

### PLAINTIFF'S RENEWED MOTION TO REMAND[1]

Plaintiff Blake Turizo, pursuant to 28 U.S.C. §1447(c), moves to remand this case to state

court, and in support states:

### I.    INTRODUCTION

Plaintiff filed this putative class action under the Telephone Consumer Protection Act

("TCPA") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County,

Florida.  On February 3, 2021, Defendant removed this case. [DE 1].  Defendant knows[2] that

pursuant to *Salcedo v. Hanna*, 96 F.3d 1162 (11th Cir. 2019) and this Court's decision in *Mittenthal*

*v. Fla. Panthers Hockey Club, Ltd.*, No. 20-60734-CIV-ALTMAN/Hunt, 2020 U.S. Dist. LEXIS

123127 (S.D. Fla. July 10, 2020), the case should be remanded to state court.  Nevertheless,

---

[1] Plaintiff hereby renews his previously filed Motion to Remand as that motion was denied as moot by the Court, [DE 10].

[2] On February 3, 2021, the undersigned provided a citation to this Court's decision in *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, No. 20-60734-CIV-ALTMAN/Hunt, 2020 U.S. Dist. LEXIS 123127 (S.D. Fla. July 10, 2020), as well as the three other recent decisions from courts in this District remanding TCPA text message class actions.

Defendant refuses to stipulate to remand.

In *Salcedo*, the Eleventh Circuit held that the recipient of a text message lacks Article III standing to maintain his claim in federal court absent a specific allegation of injury beyond statutory damages. *See id.* at 1166–73.  Pursuant to *Salcedo*, this Court should remand this case because the operative pleading does not contain sufficient allegations to meet the strictures of Article III, which, notably, Plaintiff is not required to satisfy at the state court level. *See Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, No. 20-60734-CIV-ALTMAN/Hunt, 2020 U.S. Dist. LEXIS 123127 (S.D. Fla. July 10, 2020) ("In any event, the Plaintiffs are right that *Salcedo* controls the decision….Here, the Complaint never references any ***tangible*** harm the Plaintiffs may have suffered…..The Plaintiffs likewise allege no ***intangible*** harm….It is worth noting, too, that nothing in this Order—or in *Salcedo*—prevents the ***state*** court from exercising jurisdiction over this case.") (Altman, J.) (emphasis in original).

Every other court to have ruled on this issue in this District has reached the same conclusion.  *See Jenkins v. Simply Healthcare Plans, Inc.*, No. 20-22677-CIV, 2020 U.S. Dist. LEXIS 147433 (S.D. Fla. Aug. 17, 2020) ("With no concrete injury, and thus no standing, Simply Healthcare has not met its burden to show that the Court has subject matter jurisdiction over this action. Remand is the proper course.") (Altonaga, J.); *Avedyan v. CMR Constr. & Roofing, LLC*, No. 20-81362-CIV, 2020 U.S. Dist. LEXIS 221149, at *7 (S.D. Fla. Nov. 24, 2020) (quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617, 109 S. Ct. 2037, 104 L. Ed. 2d 696 (1989)) (Dimitrouleas, J.); *Perez v. Pinnacle Fin. Servs.*, No. 1:20-cv-24767-UU, 2021 U.S. Dist. LEXIS 11694 (S.D. Fla. Jan. 19, 2021) (Ungaro, J.).

To the extent Defendant seeks to distinguish *Salcedo* and the above cited cases because Plaintiff was sent three text messages and not one, *Salcedo*, as correctly interpreted by this Court,

forecloses the argument: "Notably, *Salcedo* did not turn on the fact that the plaintiff received only one text message. Nor could it have. 'Article III standing is not a 'You must be this tall to ride' measuring stick.'" *Mittenthal*, 2020 U.S. Dist. LEXIS 123127, at *20 (quoting *Salcedo*, 936 F.3d at 1172).

This Court should remand the case to Plaintiff's chosen forum where the case may be properly maintained.

## II.    FEDERAL JURISDICTION REQUIREMENTS

The party attempting to invoke a federal court's jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant's contention that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1441(a), and 1446(a), is not the end of the jurisdictional inquiry, Plaintiff must also have standing to bring his claim. *See Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 560 (1992). Under Article III of the Constitution, the subject-matter jurisdiction of the federal courts is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2, and "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560. To establish standing, the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Proving an "injury in fact" is, as the Supreme Court has said, "[f]irst and foremost" among these three elements. *Steel Co.*, 523 U.S. at 103. "It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines v. Byrd*, 521 U.S. 811, 820 (1997). Indeed, in "no event" may "Congress abrogate the Art. III minima." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979).

To establish an injury in fact, a plaintiff must show not only "an invasion of a legally protected interest," but also a "concrete and particularized" injury that is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548. The injury, in short, must be "real" and not "abstract." *Id.* Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

### III.   ARGUMENT

#### A.   **This Case Should be Remanded**.

Under 28 U.S.C. § 1441, any case that falls within the Court's "original jurisdiction" is removable. Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, if a plaintiff is found to lack standing *at any point* in the case, the action must be remanded. *See Gonzalez v. TCR Sports Broad. Holding, LLP*, 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) ("The Court notes that it may turn out that Plaintiff does not have standing to bring its TCPA claims in this Court. At that time, remand may be an appropriate remedy."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1008 (9th Cir. 2001)("The standing defect renders Lee's claim against ANTEX non-justiciable in federal court . . . .").

Accordingly, while Defendant was permitted to remove this case pursuant to this Court's original jurisdiction, the case must now be remanded for lack of jurisdiction. This is the same conclusion reached by this Court in *Mittenthal*:

> This conclusion follows logically from the plain meaning of the words in the removal statute. *See* SCALIA & GARNER at 69 ("The ordinary-meaning rule is the most fundamental semantic rule of interpretation."). The statute, after all, is pellucid that, if "at any time before final judgment it appears that the district court lacks *subject matter jurisdiction*, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). And, while standing may not be a component of this Court's *original jurisdiction*—and thus need not be pled in the removal notice—it most certainly is an element of the Court's *subject-matter jurisdiction*. As Judge Kozinski explained in *Lee*:

> Where the district court has "original jurisdiction" . . . the case is removable and our inquiry ends. Only at the next step, when we ask whether the case should be remanded, need we address questions of standing and other aspects of "subject matter jurisdiction." *Compare* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed ....") (emphasis added)), *with id.* § 1447(c) ("If at any time before final judgment it appears that the district court lacks *subject matter jurisdiction*, the case shall be remanded." (emphasis added)).

*Mittenthal*, 2020 U.S. Dist. LEXIS 123127 at *15.  Similarly, in *Jenkins*, Judge Altonaga found that remand was the appropriate course and held:

> With no concrete injury, and thus no standing, [defendant] has not met its burden to show that the Court has subject matter jurisdiction over this action. Remand is the proper course. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

*Jenkins*, No. 20-22677-CIV, 2020 U.S. Dist. LEXIS 147433, at *6-7; *see also Avedyan*, 2020 U.S. Dist. LEXIS 221149, at *6 ("The operative complaints allege that Plaintiff received a single unsolicited text message from Defendant but are devoid of any allegation that Plaintiff suffered a tangible or intangible harm. Accordingly, the Court will follow the binding Eleventh Circuit precedent of *Salcedo* in holding that the operative complaints allege legal injuries that do not rise to the level of a concrete and particularized injury in fact and therefore are insufficient to establish

a concrete injury for Article III standing.").

As Plaintiff hereby disputes that his allegations are sufficient to satisfy Article III standing, Defendant bears the burden of establishing that Plaintiff has Article III standing to remain in federal court. *See Lujan*, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing these elements [of standing.]"); *Jenkins*, No. 20-22677-CIV, 2020 U.S. Dist. LEXIS 147433, at *4-5 (""As the removing party, [defendant] has the burden of establishing federal jurisdiction — including [plaintiff's] standing."); *Avedyan*, 2020 U.S. Dist. LEXIS 221149, at *7 ("Defendant has failed to meet its burden to show that Plaintiffs have Article III standing and thus has failed to show that the Court has subject matter jurisdiction over this action.").

Defendant makes no such showing in its Notice of Removal and remand is therefore proper. *See Burns*, 31 F.3d at 1095 ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims."); *Watkins v. IC Sys.*, No. C-98-1625-VRW, 1998 U.S. Dist. LEXIS 10486, at *1 (N.D. Cal. July 10, 1998) ("On October 30, 1997, the court remanded the action to state court because Sicher lacked Article III standing.").

**B.   Plaintiff Alleges Only a Statutory Violation and Legal Injury.**

In *Salcedo*, the plaintiff filed suit under the TCPA alleging that he had received a "multimedia text message from Hanna [a Florida attorney] offering a ten percent discount on his services." *Salcedo*, 936 F.3d at 1165. After reviewing the TCPA's legislative history, common-law torts, Eleventh Circuit precedent, and the constitutional principles underlying the doctrine of standing, the Eleventh Circuit concluded that a TCPA plaintiff's receipt of an unsolicited text

message—without any concomitant allegation of harm—is insufficient to confer Article III standing. *See id.* at 1166–73. In so holding, the court was careful to base its decision on Salcedo's failure to allege that his review of the text message took a specific amount of time. Instead, the complaint "allege[d] time wasted only generally." *Id.* at 1168.

Here, Plaintiff only alleges that he has suffered a legal injury as a result of Defendant's violation of the TCPA. But "invasion of a legally protected interest" is not enough to establish injury in fact; the injury must also be "concrete and particularized." *Spokeo*, 136 S. Ct. at 1548; *see also Salcedo*, 936 F.3d at 1167 ("[A]n act of Congress that creates a statutory right and a private right of action to sue does not automatically create standing").

In sum, the operative pleading references no tangible or intangible harm that the Plaintiff may have suffered as a result of Defendant's unsolicited text message. Identical allegations were analyzed by this Court in *Mittenthal* and found to be insufficient under Article III:

> Nowhere, for example, does the Complaint allege that the Plaintiffs' phone carriers *charged* them for the text messages, or that they had to *pay* extra to store those messages. And, it goes without saying, the Complaint's allegations that the Plaintiffs "have standing," that they "suffered a legal injury," and that they "were harmed by the acts of Defendants" are a far cry from the "concrete and particularized" averments the Supreme Court required in *Spokeo*. Those allegations are, in either case, conclusory—and are thus not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("As such, the allegations are conclusory and not entitled to be assumed true.").

> The Plaintiffs likewise allege no *intangible* harm. Here, the focus of the inquiry is on *wasted time. See* Resp. at 5. In *Salcedo*, the Eleventh Circuit observed that the complaint's silence on this question of "wasted time" doomed the plaintiff's standing arguments. *See Salcedo*, 936 F.3d at 1168 ("In the absence of a specific time allegation, we decline to assume an equivalence to the facts of *Palm Beach Golf* when receiving a fax message is qualitatively different from receiving a text message."). The Plaintiffs have alleged *neither* wasted time nor any other intangible harm in their Complaint. The Complaint never says, for example,

> that reviewing the text messages took an inordinate amount of time.
> Nor do the Complaint's averments, taken together, suggest that each
> message took the Plaintiffs at least five seconds to read. *Cf. id.* at
> 1173 (noting that, in 47 U.S.C. § 227(d)(3)(B), the TCPA "instructs
> the FCC to establish telemarketing standards that include releasing
> the called party's line within five seconds of a hang-up"). In fact,
> the Complaint does not even allege that the Plaintiffs ever *read the
> messages at all*.

*Mittenthal*, 2020 U.S. Dist. LEXIS 123127 at *22.  Judge Altonaga, examining similar allegations,

stated,

> In this action, [plaintiff's] Complaint is a model of brevity, devoid
> of *any* allegations showing concrete harm. […] That is it. There are *no* other
> allegations of tangible or intangible harm. There is far less here than alleged by
> the *Salcedo* plaintiff. There is thus no reason to stray from *Salcedo*'s holding —
> Jenkins' Complaint does not establish a concrete injury under this Circuit's
> precedent. *See Salcedo*, 936 F.3d at 1173.

*Jenkins*, 2020 U.S. Dist. LEXIS 147433, at *5-6 (emphasis original).

Defendant has failed to establish that Plaintiff has Article III standing and this matter

should be remanded.

### C.  <u>Plaintiff has Standing in State Court and Remand is Therefore Appropriate</u>.

"[T]he constraints of Article III do not apply to state courts, and accordingly the state courts

are not bound by the limitations of a case or controversy or other federal rules of justiciability even

when they address issues of federal law, as when they are called upon to interpret the Constitution

or, in this case, a federal statute." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).  Accordingly,

nothing in "*Salcedo*—prevents the *state* court from exercising jurisdiction over this case. State

legislatures, after all, are always free to adopt lower standing requirements than those imposed by

Article III on *federal* courts."  *Mittenthal*, 2020 U.S. Dist. LEXIS 123127 at n.4; *see also Avedyan*,

2020 U.S. Dist. LEXIS 221149, *7 (holding that remand is the proper course where removed

TCPA text messaging complaint did not establish Article III standing).

While Plaintiff's allegations of a statutory violation and resulting legal injury stemming

from Defendant's violations of the TCPA are insufficient to confer jurisdiction before this Court, the state court where this matter was originally filed does have jurisdiction. *See Sosa v. Safeway Premium Fin. Co*., 73 So. 3d 91, 117 (Fla. 2011). ("A case or controversy exists if a party alleges an actual or **legal injury**.") (citing *Olen Properties Corp. v. Moss*, 981 So. 2d 515 (Fla. 4th DCA 2008) (citing *Linda R.S. v. Richard D*., 410 U.S. 614, 617, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)) (emphasis supplied); *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509 (Fla. 1st DCA 2007) ("[plaintiff] is not required to prove actual damages, but only a violation of one of the prohibited practices in the FCCPA."); *Collins v. Gov't Emples. Ins. Co.*, 922 So. 2d 353 (Fla. 3d DCA 2006) ("Therefore, the question to be answered first is whether Collins stated a cause of action against the defendant insurer.").

The strictures of Article III standing do not apply in state court and, therefore, Plaintiff should be permitted to pursue his claims in state court. *See Dep't of Rev. v. Kuhnlein,* 646 So. 2d 717, 720 (Fla. 1994) ("Accordingly, the doctrine of standing certainly exists in Florida, but not in the rigid sense employed in the federal system."); *Pirate's Treasure, Inc. v. City of Dunedin*, 277 So. 3d 1124, 1128 (Fla. 2d DCA 2019) ("conception of standing is less demanding than the conception of standing that prevails in the federal courts"); *Brady v. P3 Grp. (LLC)*, 98 So. 3d 1206, 1209 (Fla. 3d DCA 2012) ("the doctrine of standing is not employed with the rigidity found in federal practice"); *Nat'l Ass'n of Prof'l Allstate Agents v. Allstate Ins. Co.*, No. 8:01-cv-2137-T-24MSS, 2002 U.S. Dist. LEXIS 28409, at *7 (M.D. Fla. Apr. 22, 2002) ("Instead, Florida courts have applied the concept of standing more loosely than typically found in the federal system."); *Reinish v. Clark*, 765 So. 2d 197 (Fla. 1st DCA 2000) ("Florida does not adhere to the 'rigid' doctrine of standing used in the federal system.").

The case should be remanded to state court where Plaintiff can pursue his claims on behalf

of himself and all others similarly situated.

**WHEREFORE**, Plaintiff respectfully requests an order remanding his case to state court, and for such other relief deemed appropriate under the circumstances.

<u>**CERTIFICATE OF GOOD FAITH CONFERRAL**</u>

The undersigned attorney certifies that he conferred with counsel for Defendant regarding the relief sought herein, and that counsel for Defendant opposes the instant motion.

Dated: April 21, 2021

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
*mhiraldo@hiraldolaw.com*
(t) 954.400.4713
*Counsel for Plaintiff*