UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:21-cv-60289-RKA

BLAKE TURIZO,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

HEALTHFUND SOLUTIONS, LLC,

        Defendant.
_____/

CLASS ACTION

JURY TRIAL DEMANDED

**PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION TO REMAND**

Plaintiff Blake Turizo files this reply in support of his Motion to Remand, and states:

With no good faith basis to oppose a remand in the face of this Court's holding in *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211 (S.D. Fla. 2020), Defendant sadly resorts to false accusations and meritless arguments.

First, Defendant's contention that dismissal is warranted because Florida state courts apply "federal law when determining if a party has standing" is simply wrong. Resp. at 4. Indeed, in *Shedrick v. Kimbrell's of North Carolina, Inc.,* Broward County Chief Judge Jack Tuter recently denied a motion to dismiss for lack of standing asserting the same flawed arguments raised by Defendant here, citing this Court's ruling in *Mittenhal* for his holding. Case No. CACE2002024 (07) (Apr. 19, 2021) ("Florida state courts have consistently held that a less restrictive meaning and lower threshold for plaintiffs seeking redress for their injuries exists….**Based on the foregoing, and after careful consideration of the allegations in the complaint, the Court finds the Plaintiffs have alleged a sufficient stake in this action as they seek statutory money**

1

**damages based on a legal injury resulting from an alleged violation of certain statutory rights under the TCPA**.") (emphasis supplied), attached as **Exhibit A**.

The Chief Judge of Miami-Dade County, Judge William Thomas, reached a similar conclusion in denying a defendant's motion for summary judgment in a TCPA class action, agreeing with the plaintiff's arguments that Article III does not apply at the state court level and following the federal line of cases which have declined to follow the Eleventh Circuit's strictest application of Article III standing in the TCPA context. *See Eldridge v. Pet Supermarket, Inc.*, Case No. 2020-006035-CA-01 (44) (Apr. 23, 2021), attached as **Exhibit B**. Additionally, at least three other judges in Broward and Miami-Dade County have refused to adopt Defendant's self-serving application of Article III at the state court level. *See Shinn v. ADCS Clinics, LLC*, Case No. CACE20013056 (Dec. 15, 2020) ("Plaintiff has standing to maintain his claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.") (Frink, J.), attached as **Exhibit C**; *Devivo v. The Kolter Group, LLC*, Case No. CACE-19-021842-08 (Feb. 27, 2020) (Haimes, J.) (same), attached as **Exhibit D**; *Elizabeth Boriskin v. Multiphone Latin America, Inc*, Case No: 2019-029117-CA-01 (Feb. 28, 2020) (Rodriguez, J.) (same), attached hereto as **Exhibit E**. As such, remand to state court would not be "futile" as Defendant contends.

Moreover, even if this Court were not persuaded that Plaintiff has standing at the state court level, jurisdiction is a threshold inquiry, and this court should decline Defendant's invitation to engage in a merits analysis of Plaintiff's claims. *See Humana, Inc. v. St. Jude Med.*, LLC, No. 1:19-cv-23119-UU, 2019 U.S. Dist. LEXIS 223313, at *11 (S.D. Fla. Dec. 30, 2019) ("Article III standing is jurisdictional and, therefore, a threshold inquiry.") (quoting *Fla. Wildlife Federation v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011)). Thus, a finding by this Court that Plaintiff lacks standing should result in a remand and nothing more.

Second, the injury allegations here do not "differ" from those in *Salcedo* or *Mittenhal*. Like in those cases, Plaintiff here alleges that he has standing because he suffered a legal injury. However, as this Court observed in *Mittenhal*, the Eleventh Circuit requires more than a legal injury in the context of a TCPA claim arising from the receipt of unwanted text messages. *See* 472 F. Supp. 3d 1224. Thus, because Plaintiff's Complaint is insufficient to satisfy the demands of Article III as interpreted by the Eleventh Circuit, and because Defendant has failed to introduce any evidence to substantiate its standing contentions, *Salcedo* commands that the case be remanded.

In sum, Plaintiff's Complaint is not "inartfully-pled" as Defendant accuses. Defendant simply does not like the allegations because it cannot justify its improper removal of the case. And there is no "futility" in remanding the case as every state court judge to have ruled on the issue to date has rejected Defendant's position on standing in state court. The case should therefore be remanded.

**WHEREFORE**, Plaintiff respectfully requests an order remanding his case to state court, and for such other relief deemed appropriate under the circumstances.

Dated: May 5, 2021

                                  Respectfully submitted,

                                  **HIRALDO P.A.**

                                  */s/ Manuel S. Hiraldo*
                                  Manuel S. Hiraldo, Esq.
                                  Florida Bar No. 030380
                                  401 E. Las Olas Boulevard
                                  Suite 1400
                                  Ft. Lauderdale, Florida 33301
                                  *mhiraldo@hiraldolaw.com*
                                  (t) 954.400.4713
                                  *Counsel for Plaintiff*