IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.  CACE20020424   DIVISION  07   JUDGE  Jack Tuter

**Miller Shedrick**

Plaintiff(s) / Petitioner(s)

v.

**Kimbrell's of North Carolina, Inc.,**

Defendant(s) / Respondent(s)

_____/

## ORDER ON MOTION TO DISMISS COMPLAINT

On December 7, 2020, plaintiff, Shedrick Miller ("Plaintiff") filed a Class Action Complaint (the "Complaint") against defendant, Kimbrell's of North Carolina, Inc. ("Defendant" or "Kimbrell"), alleging causes of action for: (1) violation of 47 U.S.C. § 227(b) (count I); and (2) violation of 47 C.F.R. § 64.1200 (count II). On January 14, 2021, Defendant filed a Notice of Filing Notice of Removal. The case was ultimately remanded back to this Court on February 25, 2021. On March 12, 2021, Defendant filed separate Motions to Bifurcate Discovery and to Dismiss. On April 7, 2021, Plaintiff filed his responses in opposition to the instant motions.

The instant class action has been brought under the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's alleged violations of the TCPA. Plaintiff alleges that to promote its furniture business and associated financing services, Defendant engages in unsolicited text messaging. Plaintiff asserts that the TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. *See* 47 U.S.C. §227(b)(1)(A). Plaintiff further asserts that the TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *See* 47 U.S.C. §227(a)(1). Plaintiff maintains that the TCPA exists to prevent communications like the ones described in the Complaint.

Plaintiff alleges that on December 2, 2020, Defendant sent an unsolicited text message and the purpose of Defendant's text message was to solicit and promote Defendant's furniture business and related financing services. Plaintiff alleges Defendant caused similar text messages to be sent to individuals residing within this judicial circuit. Plaintiff claims that at no

point did Plaintiff provide Defendant with his express written consent to be contacted using an ATDS and did not otherwise disclose his cellular telephone number to Defendant. Plaintiff claims that the impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the message. Plaintiff claims Defendant used a messaging platform, which permitted Defendant to transmit thousands of text messages automatically and without human involvement.

In the Complaint, Plaintiff alleges he has standing to maintain this action "because he suffered a legal injury as a result of Defendant's violations of the TCPA…" *See* Compl. ¶ 10. Defendant argues that the Complaint should be dismissed because Plaintiff lacks standing. More specifically, Defendant asserts that alleging a purely legal injury in response to an unwanted text message cannot confer standing. In support of its position, Defendant relies on *Salcedo v. Hanna*, 936 F. 3d 1162, 1172 (11th Cir. 2019), wherein the Eleventh Circuit determined that the receipt of an unsolicited text message fails to state a *concrete* harm that meets the injury-in-fact requirement of Article III.

Defendant argues while *Salcedo's* holding is not directly binding on this Court, the Eleventh Circuit's reasoning applies equally here because Florida courts apply the same standard and require a plaintiff allege an injury-in-fact. For instance, in *State v. J.P.*, 907 So. 2d 1101, 1113 n.4 (Fla. 2004), the Florida Supreme Court recognized that "[t]here are three requirements that constitute the "irreducible constitutional minimum" for standing.

First, a plaintiff must demonstrate an injury in fact, which is concrete, distinct, palpable, actual or imminent. Second, a plaintiff must establish a causal connection between the injury and the conduct complained of and third, a plaintiff must show a substantial likelihood that the requested relief will remedy the alleged injury in fact." Defendant argues the Florida Supreme Court's adoption of this "irreducible constitutional minimum" with a clear emphasis on an "injury in fact, which is concrete" reveals the standing analysis here indistinguishable from that of federal courts. Thus, Defendant maintains that the same analysis that led the Eleventh Circuit to conclude that an unsolicited text message fails to meet the injury in fact threshold applies here, and Plaintiff's claims should therefore be dismissed.

In opposition, Plaintiff argues the Defendant is wrong, and it would be error for this Court to apply the narrow federal standing requirements as set forth by the Eleventh Circuit. Plaintiff asserts the strictures of Article III standing do not apply in this case and the standing requirement set forth under Article III of the U.S. Constitution constrain only jurisdiction of the federal courts, not state courts. Plaintiff provided this Court with a litany of cases in support of his position.

A District Court judge shed light on this issue in *Mittenthal v. Florida Panthers Hockey Club, Ltd,* 2020 U.S. Dist. LEXIS 1123127 (S.D. Fla. July 10, 2020), Judge Roy Altman recognized that in order to establish standing at the federal level, the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 5 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The court further recognized, "[p]roving an 'injury in fact' is, as the Supreme Court has said, '[f]irst and foremost] among these three elements." *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). Thus, "[t]o establish an injury in fact, a plaintiff must show, not only 'an invasion of a legally protected interest,' but also a 'concrete and particularized' injury that is 'actual or imminent, not conjectural or hypothetical." *Id.* (citing *Lujan v. Def's of Wildlife*, 504 U.S. 555, 560 (1992). "'A concreate injury must be de facto; that is, it must actually exist.'" *Id.* at 5-6 (citing *Spokeo*, 136 S. Ct. at 1548). "The injury, in short must be 'real' and not 'abstract.'" *Id.* at 6. "Indeed, 'Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

Judge Altman agreed with plaintiffs' argument that *Salcedo* controlled the decision before this court. *Id.* at 12. As such, he found that "*Salcedo*, in short, stands for the proposition that, unless a complaint alleges some tangible or intangible harm, a TCPA plaintiff's receipt of unwanted text messages is, standing along, insufficient to confer Article III standing" *Id.* at 13. After review of the complaint, Judge Altman made the following findings:

*Here, the Complaint never references to any tangible harm the Plaintiffs may have suffered. Nowhere, for example, does the Complaint allege that the Plaintiffs' phone carriers charged them for the text messages, or that they had to pay extra to store those messages. And, it goes without saying, the Complaint's allegations that the Plaintiffs 'have standing,' that they 'suffered a legal injury,' and that they 'were harmed by the acts of Defendants' are a far cry from the 'concrete and particularized' averments the Supreme Court required in Spokeo. Those allegations are, in either case, conclusory—and are thus not entitled to the presumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) ("As such allegations are conclusory and not entitled to be assumed true.").*

*The Plaintiffs likewise allege no intangible harm. Here, the focus of the inquiry is on wasted time. See Resp. at 5. In Salcedo, the Eleventh Circuit observed that the complaint's silence on this question of 'wasted time' doomed the plaintiff's standing arguments. See Salcedo, 936 F.3d at 1168 ("In the absence of a specific time allegation, we decline to assume an equivalence to the facts of Palm Beach Golf when receiving a fax message is qualitatively different from receiving a text message."). Plaintiffs have alleged neither wasted time nor any other intangible harm in their Complaint. The Complaint never says, for example, that reviewing the text messages took an inordinate amount of time. Nor do the Complaint's averments, taken together, suggest that each message took the Plaintiffs at least five seconds to read. Cf. id. at 1173 (noting that in 47 U.S.C. § 227(d)(3)(B), the TCPA "instructs the FCC to*

> *establish telemarketing standards that include releasing the called party's line within five seconds of hang-up"). In fact, the Complaint does not even allege that the Plaintiffs ever read the messages at all.*
>
> *Because the Plaintiffs have alleged neither a tangible nor an intangible injury in fact—and given that the Defendants have failed to adduce a single admissible piece of evidence to substantiate their standing contentions—the Court finds that the Plaintiffs lack standing to pursue their TCPA claims in federal court.*

*Id.* at 14-15. Notwithstanding, Judge Altman determined that,

> *nothing in this Order—or in Salcedo—prevents the state court from exercising jurisdiction over this case. State legislatures, after all, are always free to adopt lower standing requirements than those imposed by Article III on federal courts. This "result properly follow from the allocation of authority in the federal system." ASARCO, Inc. v. Kadish, 490 U.S. 605, 617 (1989). As the Supreme Court explained:* **[T]he constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute. *Id.***

*Id.* at 16, n.4.

Plaintiff also relies on decisions from the 17th Judicial Circuit finding that TCPA plaintiffs have standing to sue in state court. Most recently, Plaintiff argues that Judge Keathan Frink denied an identical motion to dismiss, holding that "Plaintiff has standing to maintain his claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*" *See* Order Denying Defendant's Motion to Dismiss, *Shinn v. ADCS Clinics, LLC*, Case No. CACE20-013056 (Frink, J.) (Dec. 15, 2020). Plaintiffs also relies on an Order entered by Judge David Haimes in February 2020, denying an identical motion to dismiss challenging the plaintiff's standing in a TCPA class action. *See* Order Denying Motion to Dismiss, *Devivo v. The Kolter Group, LLC*, Case No. CACE19-021842 (Haimes, J.) (Feb. 27, 2020).

Furthermore, Florida state courts have consistently held that a less restrictive meaning and lower threshold for plaintiffs seeking redress for their injuries exists. *See Sosa v. Safeway Premium Fin. Co.,* 73 So. 3d 91, 116 (Fla. 2011) (finding that "[t]o satisfy the standing requirement for a class action claim, the class representative must illustrate that a case or controversy exists between him or her and the defendant, and that this case or controversy will continue throughout the existence of the litigation.") and *Kumar Corp. v. Nopal Lines, Ltd.*, 462 So. 2d 1178, 1182 (Fla. 3d DCA 1985) ("In its broadest sense, standing is no more than

having, or representing one who has a 'sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'").

Based on the foregoing, and after careful consideration of the allegations in the complaint, the Court finds the Plaintiffs have alleged a sufficient stake in this action as they seek statutory money damages based on a legal injury resulting from an alleged violation of certain statutory rights under the TCPA. *See Sosa*, 73 So. 3d at 117 ("A case or controversy exists if a party alleges an actual or legal injury.").

Accordingly, the Motion to Dismiss is **DENIED**. The Defendant has (15) days from this order to answer the complaint. The Defense motion to stay discovery pending a proposed motion for summary judgment was deferred pending further briefing by the parties.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>04-19-2021</u>.

<u>CACE20020424 04-19-2021 10:31 AM</u>
Hon. Jack Tuter
**CIRCUIT JUDGE**
Electronically Signed by Jack Tuter

**Copies Furnished To:**
Eve A Cann , E-mail : ali.lowe@bakerdonelson.com
Eve A Cann , E-mail : ecann@bakerdonelson.com
Eve A Cann , E-mail : FLLService@bakerdonelson.com
Jibrael Hindi , E-mail : jibrael@jibraellaw.com
Josh Kravec , E-mail : emcfadden@bakerdonelson.com
Josh Kravec , E-mail : jkravec@bakerdonelson.com
Manuel S Hiraldo , E-mail : mhiraldo@hiraldolaw.com
Spencer D. Leach , E-mail : mymarks@bakerdonelson.com
Spencer D. Leach , E-mail : FLLService@bakerdonelson.com
Spencer D. Leach , E-mail : sleach@bakerdonelson.com
Thomas Patti , E-mail : tom@jibraellaw.com
Thomas Patti , E-mail : bryon@jibraellaw.com