UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-60337-ALTMAN/Hunt

**BLAKE TURIZO**
*individually and on behalf of
all others similarly situated*,

    *Plaintiff*,

v.

**HEALTHFUND SOLUTIONS, LLC,**

    *Defendant.*
_____/

## ORDER

The Plaintiff, Blake Turizo—who admits that he lacks standing to assert his Telephone Consumer Protection Act ("TCPA") claim in federal court—has moved to remand this case to state court. *See generally* Motion to Remand [ECF No. 13]. The Defendant, Healthfund Solutions, LLC, concedes that the Plaintiff lacks standing but asks the Court to keep the case anyway because (it says) the Plaintiff also lacks standing in state court—a fact that, according to the Defendant, renders any remand futile. *See* Response [ECF No. 16] at 1 ("Plaintiff lacks standing in both state and federal court, and therefore, remand would be futile and a waste of precious judicial resources, which are already stretched too thin.").

We disagree. The States "are always free to adopt lower standing requirements than those imposed by Article III on federal courts." *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1225 n.1 (S.D. Fla. 2020) (Altman, J.). And, indeed, our state courts have done precisely that. So, for instance, Florida courts have imposed "less restrictive" standing boundaries and have set a "lower threshold for plaintiffs seeking redress for the injuries." *Shedrick v. Kimbrell's of North Carolina, Inc.*, 2021 WL 1758968, at *4 (Fla. Cir. Ct. Apr. 19, 2021) (citing *Sosa v. Safeway Premium Fin. Co.*, 73 So.

3d 91, 116 (Fla. 2011)).[1] In *Shedrick*, the court denied the defendant's motion to dismiss a TCPA case for lack of standing because the plaintiff alleged "a legal injury resulting from an alleged violation of certain statutory rights under the TCPA." *Id.* at *4; *see also id.* at *1 (rejecting the defendant's argument that "alleging a purely legal injury in response to an unwanted text message cannot confer"). As in *Shedrick*, in other words, remand would not be futile here.

The Defendant's other grievance—that a remand would create a "peculiar situation" in which the plaintiff can "repudiate[ ] his own complaint avoid the rigors of federal court practice," Response at 2—fares no better. Peculiar or not,[2] the "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458–459 (1990); *see also* THE FEDERALIST NO. 82 (Hamilton) ("[T]he inference seems to be conclusive, that the State courts would have a concurrent jurisdiction in all cases arising under the laws of the Union, where it was not expressly prohibited.").[3]

Ultimately, we agree with both parties on the central issue: Since the Plaintiff doesn't allege any tangible (or intangible) harm, *see generally* Complaint [ECF No. 1-1], he lacks Article III standing to proceed, *see Salcedo v. Hanna*, 96 F.3d 1162, 1166–73 (11th Cir. 2019) (concluding that a TCPA plaintiff's receipt of an unsolicited text message—without any concomitant allegation of harm—is

---

[1] *See also, e.g.*, *Weiss v. Johansen*, 898 So.2d 1009, 1011 (Fla. 4th DCA 2005) (explaining that standing in Florida courts "depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest which would be affected by the outcome of the litigation.").

[2] We generally agree that the situation is somewhat peculiar—at least to the extent that a federal court would, for lack of jurisdiction, leave the plaintiff to vindicate his federal rights in state court. *Cf. Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1553 (2016) (Thomas, J., concurring) ("Congress can create new private rights and authorize private plaintiffs to sue based simply on the violation of those private rights."); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 958 (11th Cir. 2020) (en banc) (Jordan, J., dissenting) (arguing that cases "involving the alleged invasion of a congressionally-created private right by a private party against another private party" are justiciable under Article III).

[3] Because the state courts are competent to adjudicate this case, the Defendant will still be able to raise its argument that the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), entitles it to summary judgment. *See* Response at 1 n.1. But, since we lack jurisdiction, that's a merits decision we cannot make.

insufficient to confer Article III standing); *see also Mittenthal*, 472 F. Supp. 3d at 1224 (dismissing a TCPA case for lack of standing where the complaint "never references any tangible harm the Plaintiffs may have suffered").

Where, as here, the Court lacks subject-matter jurisdiction over a case that has been removed from state court, the proper disposition is to remand. *See* 28 U.S.C. § 1447(c) (providing that, for a case that has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c) . . . give no discretion to dismiss rather than remand an action." (cleaned up)); *McGee v. Solic. Gen. of Richmond Cty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013) (vacating dismissal order where the district court lacked jurisdiction over a removed case and instructing the district court to remand).

Accordingly, the Court hereby **ORDERS** and **ADJUDGES** as follows:

1. The Motion [ECF No. 13] is **GRANTED**.

2. The case is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. The Clerk shall **CLOSE** this case. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 14th day of May 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record